

Matthew E. Lewitz (SBN 325379)
mlewitz@cozen.com
COZEN O'CONNOR
401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
Telephone: 310.393.4000
Facsimile: 310.394.4700

Attorneys for Plaintiffs *Universal Services of America, LP and Universal Protection Service, LP*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL SERVICES OF AMERICA, LP, and UNIVERSAL PROTECTION SERVICE, LP,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIEDUNIVERS.COM/John DOE,<br><br>Defendant. | Case No.:<br><br>COMPLAINT FOR:<br>**(1) FEDERAL TRADEMARK INFRINGEMENT;**<br>**(2) FEDERAL UNFAIR COMPETITION**<br>**(3) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.***<br>**(4) DILUTION BY BLURRING**<br><br>**DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT</u>

Plaintiffs, Universal Services of America, LP and Universal Protection Service, LP (collectively, "Allied Universal"), by and through their undersigned attorneys, as and for their Complaint against Defendant, ALLIEDUNIVERS.COM/John Doe ("DOE" or "Defendant") allege as follows:

1

**Parties**

1.     Plaintiff Universal Services of America, LP is a California limited partnership with a place of business at 1551 N. Tustin Avenue, Suite 650, Santa Ana, CA 92705.

2.     Plaintiff Universal Protection Service, LP is a California limited partnership with a place of business at 1551 N. Tustin Avenue, Suite 650, Santa Ana, CA 92705.r

3.     Defendant owns and controls WWW.ALLIEDUNIVERS.COM, and claims to have an address of Suite 1, Level 1, 220 Melbourne Street, West End Central, South Brisbane, Queensland, Australia 4101 or 1299 Lincoln Mall, Lincoln, Nebraska 68508.

4.     Defendant DOE's true name and capacity, whether individual, corporate, associate, or otherwise are unknown to Allied Universal at this time and Allied Universal therefore sues DOE under such fictitious name. When the true name, capacity, and activities of DOE are ascertained, Allied Universal will amend this Complaint accordingly. Allied Universal is informed and believes an thereon alleges that Defendant DOE is responsible in some manner for the events and happenings referred to herein, and that Allied Universal's damages alleged herein were proximately caused by Defendant DOE.

**Jurisdiction and Venue**

5.     This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, *et seq.*, California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), and common law. As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

6.     This court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

7.    This court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

8.    This Court may exercise personal jurisdiction over Defendant because the events giving rise to this action have occurred and continue to occur in this judicial district through Defendant's advertisement of services on Defendant's website at www.alliedunivers.com. Accordingly, Defendant should reasonably expect that its activities might have consequences herein and venue is proper in this judicial district pursuant to Title 28 U.S.C. § 1391(b).

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**Background as to Allied Universal's Business and Intellectual Property**

10.    Allied Universal is the largest security services company in North America with over 800,000 employees globally.  Allied Universal additionally provides safety, event, screening, identity theft, staffing, and janitorial services as well as logistics services (the "Allied Universal Services") throughout the entire United States and abroad.

11.    Allied Universal has used marks containing "ALLIED" for the Allied Universal Services dating all the way back to 1957 when Allied Security founded AlliedBarton.

12.    In August 2016, AlliedBarton Security Services joined with Universal Services of America to form Universal, d/b/a Allied Universal, and the largest security company in North America. In 2018, Allied Universal continued to expand and bought U.S. Security Associates, along with its affiliate, StaffPro. In 2019, Allied Universal began operation in the United Kingdom, with offices in London, Glasgow, and Belfast. In 2021, Allied Universal acquired G4S, which now makes Allied Universal the third largest employer in any industry in all of North America and the seventh largest employer in the world.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

13.   Since 2016, Allied Universal has made significant efforts to develop its ALLIED UNIVERSAL brand (the "Brand") and has come to gain substantial goodwill associated with the Brand throughout the United States and abroad.

14.   To protect the Brand, Allied Universal has registered its intellectual property rights through many trademark registrations. As required by intellectual property law, Allied Universal engages in significant efforts to enforce its rights when necessary.

15.   Allied Universal has adopted and used numerous trademarks containing ALLIED and owns numerous U.S. trademark registrations containing ALLIED for use in connection with the Allied Universal Services including, but not limited to, ALLIED UNIVERSAL, ALLIED UNIVERSAL and Design , ALLIED UNIVERSAL SECURITY SERVICES, ALLIED UNIVERSAL SECURITY SERVICES and Design , ALLIED UNIVERSAL THERE FOR YOU and Design , and ALLIED UNIVERSAL SECURITY SYSTEMS.

16.   On May 6, 2016, Allied Universal filed an application for registration of the mark ALLIED UNIVERSAL in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This application was assigned Serial No. 87/027,906 and covers the use of this mark in connection with "Janitorial services; Installation and maintenance of security systems for buildings and premises" in Class 37, "Training services in the field of fire prevention, life-saving techniques, and building safety; educational services, namely, conducting classes, seminars, conferences, workshops, and podcasts in the field of security guard training and proper surveillance and distributing course

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

materials in connection therewith; providing on-line training classes, courses, seminars, workshops, and podcasts in the field of security guard training and proper surveillance and distributing course materials in connection therewith; training services in the field of security guard and proper surveillance in connection therewith" in Class 41, "Providing a website featuring non-downloadable software for use in database management, for use as spreadsheet, for word processing, for tracking and reporting documents, information and metrics in the field of security guard services; providing on-line non-downloadable software for use in database management, for use as spreadsheet, for word processing, for tracking and reporting documents, information and metrics in the field of security guard services; computer software consultation" in Class 42, and  "Security services in the nature of security guard services; evaluating and assessing on-site security programs for others; Property surveillance and security protective services, namely, providing executive protection, civil protection, personal security consultation, home security consultation, personal body guarding, control of building environmental access and security systems; security guard services; security guard services, namely, provision of uniformed, unarmed security professionals; security consulting services in the fields of fire and life safety, and emergency and terrorism response; and design and implementation of security programs, including standing, patrol and console security, fire and life safety, and emergency and terrorism response; consultation in the field of data theft and identity theft; fraud and identity theft protection services; monitoring of credit reports, the Internet, and public records to facilitate the detection and prevention of identity theft and fraud; monitoring of security systems for buildings and premises; security consulting services, namely, evaluating and assessing on-site security programs for others; providing property surveillance services, namely, monitoring security systems and security guarding for facilities; security protective services, namely, providing executive protection, personal security consultation, and personal body guarding; concierge services, namely, hotel

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

concierge services, personal concierge services for others comprising making requested personal arrangements and reservations, running errands and providing customer specific information to meet individual needs, all rendered in business establishments, office buildings, hotels, residential complexes and homes" in Class 45. The date of first use of this mark is at least as early as August 1, 2016. This application was allowed by the Patent and Trademark Office and issued as Registration No. 5,136,006 on February 7, 2017. This registration is active and valid.

17.    On June 24, 2016, Allied Universal filed an application for registration of the mark ALLIED UNIVERSAL and Design **ALLIED UNIVERSAL** in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This application was assigned Serial No. 87/082,912 and covers the use of this mark in connection with "Security services in the nature of security guard services; evaluating and assessing on-site security programs for others; and property surveillance and security protective services, namely, providing executive protection, civil protection, personal security consultation, home security consultations, personal body guarding, control of building environmental access and security systems; security guard services; security guard services, namely, provision of uniformed, unarmed security professionals; security consulting services in the fields of fire and life safety, and emergency and terrorism response; and design and implementation of security programs, including standing, patrol and console security, fire and life safety, and emergency and terrorism response; consultation in the field of data theft and identity theft; fraud and identity theft protection services; monitoring of credit reports, the Internet, and public records to facilitate the detection and prevention of identity theft and fraud; identity verification, namely, providing authentication of personal identification information; monitoring of security systems for buildings and premises; security consulting services, namely,

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

evaluating and assessing on-site security programs for others; providing property surveillance services, namely, monitoring security systems and security guarding for facilities; security protective services, namely, providing executive protection, personal security consultation, and personal body guarding; concierge services, namely, hotel concierge services, personal concierge services for others comprising making requested personal arrangements and reservations, running errands and providing customer specific information to meet individual needs, all rendered in business establishments, office buildings, hotels, residential complexes and homes" in Class 45. The date of first use of this mark is at least as early as August 1, 2016. This application was allowed by the Patent and Trademark Office and issued as Registration No. 5,302,678 on October 3, 2017. This registration is active and valid.

18.     On May 26, 2016, Allied Universal filed an application for registration of the mark ALLIED UNIVERSAL SECURITY SERVICES in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This application was assigned Serial No. 87/051,263 and covers the use of this mark in connection with "Training services in the field of fire prevention, life-saving techniques, and building safety; educational services, namely, conducting classes, seminars, conferences, workshops, and podcasts in the field of security guard training and proper surveillance and distributing course materials in connection therewith; providing on-line training classes, courses, seminars, workshops, and podcasts in the field of security guard training and proper surveillance and distributing course materials in connection therewith; training services in the field of security guard and proper surveillance in connection therewith" in Class 41, "Providing a website featuring non-downloadable software for use in database management, for use as spreadsheet, for word processing, for tracking and reporting documents, information and metrics in the field of security guard services; providing on-line non-downloadable software for use in database

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

management, for use as spreadsheet, for word processing, for tracking and reporting documents, information and metrics in the field of security guard services; computer software consultation" in Class 42, and "Security services in the nature of security guard services; evaluating and assessing on-site security programs for others; Property surveillance and security protective services, namely, providing executive protection, civil protection, personal security consultation, home security consultation, personal body guarding, control of building environmental access and security systems; security guard services; security guard services, namely, provision of uniformed, unarmed security professionals; security consulting services in the fields of fire and life safety, and emergency and terrorism response; and design and implementation of security programs, including standing, patrol and console security, fire and life safety, and emergency and terrorism response; consultation in the field of data theft and identity theft; fraud and identity theft protection services; monitoring of credit reports, the Internet, and public records to facilitate the detection and prevention of identity theft and fraud; monitoring of security systems for buildings and premises; security consulting services, namely, evaluating and assessing on-site security programs for others; providing property surveillance services, namely, monitoring security systems and security guarding for facilities; security protective services, namely, providing executive protection, personal security consultation, and personal body guarding; concierge services, namely, hotel concierge services, personal concierge services for others comprising making requested personal arrangements and reservations, running errands and providing customer specific information to meet individual needs, all rendered in business establishments, office buildings, hotels, residential complexes and homes" in Class 45. The date of first use of this mark is at least as early as August 1, 2016. This application was allowed by the Patent and Trademark Office and issued as Registration No. 5,136,112 on February 7, 2017. This registration is active and valid.

19.    On June 30, 2016, Allied Universal filed an application for registration

of the mark ALLIED UNIVERSAL SECURITY SERVICES and Design in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This application was assigned Serial No. 87/089,210 and covers the use of this mark in connection with "Security services in the nature of security guard services; evaluating and assessing on-site security programs for others; and property surveillance and security protective services, namely, providing executive protection, civil protection, personal security consultation, home security consultations, personal body guarding, control of building environmental access and security systems; security guard services; security guard services, namely, provision of uniformed, unarmed security professionals; security consulting services in the fields of fire and life safety, and emergency and terrorism response; and design and implementation of security programs, including standing, patrol and console security, fire and life safety, and emergency and terrorism response; consultation in the field of data theft and identity theft; fraud and identity theft protection services; monitoring of credit reports, the Internet, and public records to facilitate the detection and prevention of identity theft and fraud; identity verification, namely, providing authentication of personal identification information; monitoring of security systems for buildings and premises; security consulting services, namely, evaluating and assessing on-site security programs for others; providing property surveillance services, namely, monitoring security systems and security guarding for facilities; security protective services, namely, providing executive protection, personal security consultation, and personal body guarding; concierge services, namely, hotel concierge services, personal concierge services for others comprising making requested personal

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

arrangements and reservations, running errands and providing customer specific information to meet individual needs, all rendered in business establishments, office buildings, hotels, residential complexes and homes" in Class 45. The date of first use of this mark is at least as early as August 1, 2016. This application was allowed by the Patent and Trademark Office and issued as Registration No. 5,150,269 on February 28, 2017. This registration is active and valid.

20.     On July 18, 2016, Allied Universal filed an application for registration of the mark ALLIED UNIVERSAL THERE FOR YOU and Design

in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This application was assigned Serial No. 87/107,363 and covers the use of this mark in connection with "Payroll administration and management services; payroll preparation and processing; data processing services in the field of payroll, benefits and human resources; business management consultation and services, namely, managing and administering non-core functions, namely, records management, information services, administration, payroll, benefits and accounting; administration of business payroll and benefits for others; human resources consultation and management; serving as a human resources department for others; professional employer organization services in the nature of payroll, benefits and human resources departments; personal career placement services; providing human resource information via a global computer network; advertising, marketing and sales improvement consultancy" in Class 35, "Janitorial services; Installation and maintenance of security systems for buildings and premises" in Class 37, "Training services in the field of fire prevention, life-saving techniques, and building safety; educational services, namely, conducting classes, seminars, conferences, workshops, and podcasts in the field of security guard training and proper surveillance and distributing course materials in connection therewith; providing on-line training

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

classes, courses, seminars, workshops, and podcasts in the field of security guard
training and proper surveillance and distributing course materials in connection
therewith; training services in the field of security guard and proper surveillance in
connection therewith" in Class 41, "Providing a website featuring non-
downloadable software for use in database management, for use as spreadsheet, for
word processing, for tracking and reporting documents, information and metrics in
the field of security guard services; providing on-line non-downloadable software
for use in database management, for use as spreadsheet, for word processing, for
tracking and reporting documents, information and metrics in the field of security
guard services; computer software consultation" in Class 42, and "Security services
in the nature of security guard services; evaluating and assessing on-site security
programs for others; and property surveillance and security protective services,
namely, providing executive protection, civil protection, personal security
consultation, home security consultations, personal body guarding, control of
building environmental access and security systems; security guard services;
security guard services, namely, provision of uniformed, unarmed security
professionals; security consulting services in the fields of fire and life safety, and
emergency and terrorism response; and design and implementation of security
programs, including standing, patrol and console security, fire and life safety, and
emergency and terrorism response; consultation in the field of data theft and identity
theft; fraud and identity theft protection services; monitoring of credit reports, the
Internet, and public records to facilitate the detection and prevention of identity theft
and fraud; identity verification, namely, providing authentication of personal
identification information; monitoring of security systems for buildings and
premises; security consulting services, namely, evaluating and assessing on-site
security programs for others; providing property surveillance services, namely,
monitoring security systems and security guarding for facilities; security protective
services, namely, providing executive protection, personal security consultation, and

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

personal body guarding; concierge services, namely, hotel concierge services, personal concierge services for others comprising making requested personal arrangements and reservations, running errands and providing customer specific information to meet individual needs, all rendered in business establishments, office buildings, hotels, residential complexes and homes" in Class 45. The date of first use of this mark is at least as early as August 1, 2016. This application was allowed by the Patent and Trademark Office and issued as Registration No. 5,146,530 on February 21, 2017. This registration is active and valid.

21.    On May 31, 2016, Allied Universal filed an application for registration of the mark ALLIED UNIVERSAL SECURITY SYSTEMS in the United States Patent and Trademark Office on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 *et seq.* This application was assigned Serial No. 87/054,789 and covers the use of this mark in connection with "Installation and maintenance of security systems, including security systems featuring access control and video monitoring, for buildings and premises" in Class 37, "Providing a website featuring non-downloadable software for use in tenant emergency evacuation, database management, for use as spreadsheet, for word processing, for tracking and reporting documents, information and metrics in the field of security guard services; providing on-line non-downloadable software for use in database management, for use as spreadsheet, for word processing, for tracking and reporting documents, information and metrics in the field of security guard services; computer software consultation" in Class 42, and "Security services in the nature of security guard services; evaluating and assessing on-site security programs for others; Property surveillance and security protective services, namely, providing executive protection, civil protection, personal security consultation, home security consultation, personal body guarding, control of building environmental access and security systems; security guard services; security guard services, namely, provision of uniformed, unarmed

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

security professionals; security consulting services in the fields of fire and life safety, and emergency and terrorism response; and design and implementation of security programs, including standing, patrol and console security, fire and life safety, and emergency and terrorism response; consultation in the field of data theft and identity theft; fraud and identity theft protection services; monitoring of credit reports, the Internet, and public records to facilitate the detection and prevention of identity theft and fraud; monitoring of security systems for buildings and premises; security consulting services, namely, evaluating and assessing on-site security programs for others; providing property surveillance services, namely, monitoring security systems and security guarding for facilities; security protective services, namely, providing executive protection, personal security consultation, and personal body guarding; concierge services, namely, hotel concierge services, personal concierge services for others comprising making requested personal arrangements and reservations, running errands and providing customer specific information to meet individual needs, all rendered in business establishments, office buildings, hotels, residential complexes and homes" in Class 45. The date of first use of this mark is at least as early as August 1, 2016. This application was allowed by the Patent and Trademark Office and issued as Registration No. 5,136,162 on February 7, 2017. This registration is active and valid.  Allied Universal's common law trademark rights, use of the Brand, and the foregoing registrations are collectively referred to herein as the "ALLIED Marks".

Cozen O'Connor
401 Wilshire Boulevard
Suite 850
Santa Monica, CA 90401

22.     Allied Universal also offers distribution & logistics security services and supply chain security services, being the leading provider of supply chain security solutions for the distribution and logistics sector throughout North America and offering customized distribution and logistics security solutions. Allied Universal has a deep understanding and knowledge of the distribution and logistics sector and partners with some of the top online retailer's logistics and distribution hubs in the nation, ensuring Allied Universal is always enhancing client's brands through its logistics security services. Allied Universal's logistics services are further detailed in the below screen shots of https://www.aus.com/industry-expertise/distribution-and-logistics:



23.     Accordingly, Allied Universal uses its ALLIED Marks in connection with logistics services, and such services are included in the definition of the "Allied Universal Services".

24.     The ALLIED Marks are strong and distinctive. Allied Universal has been using marks containing ALLIED dating back to 1957 and marks containing ALLIED UNIVERSAL since 2016. Allied Universal has expanded, and continues to

expand, its use of and registrations for marks comprising ALLIED, and the ALLIED Marks have developed invaluable goodwill and reputation within the security industry as a designator of source of the Allied Universal Services.

25.     Allied Universal's ALLIED Marks have become well-known throughout the security industry. Through its widespread, continuous, and substantially exclusive use of the ALLIED Marks to identify the Allied Universal Services and Allied Universal as its source, Allied Universal owns valid and subsisting federal statutory and common law rights in the ALLIED Marks.

26.     Allied Universal has expended substantial time, money, and resources marketing, advertising, and promoting security services, namely, the Allied Universal Services under the ALLIED Marks.

27.     The market success of the Allied Universal Services offered under the ALLIED Marks has been extraordinary, and the relevant public has come to rely upon and recognize the Allied Universal Services by the well-known ALLIED Marks.

28.     Allied Universal has vigorously defended its ALLIED Marks, when necessary, against infringers and potential infringers including, but not limited to, filing lawsuits in federal district court in order to protect its ALLIED Marks.

29.     Allied Universal has notified Defendant of Allied Universal's ALLIED Marks and requested that Defendant cease use of the Infringing Mark, Infringing Website, and Infringing Domain (all defined below) and/or any additional marks that are confusingly similar to Allied Universal's ALLIED Marks.

30.     The ALLIED Marks are famous and widely known among the U.S. general public due to, among other things, Allied Universal's longstanding use, distinctiveness, and extensive use, promotion, advertising, and marketing of its services in connection with the ALLIED Marks.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

31.     Allied Universal has not given, either express or implied, consent or authorization to Defendant to use the ALLIED Marks, or any similar variations thereof.

**Background as to WWW.ALLIEDUNIVERS.COM's Unlawful Conduct**

32.     Defendant has registered and owns the WWW.ALLIEDUNIVERS.COM domain (the "Infringing Domain").

33.     According to the WHO IS records available at domaintools.com, Defendant registered and began using the Infringing Domain on November 30, 2021.

34.     According to the WHO IS records available at domaintools.com, Defendant registered the Infringing Domain using a privacy service and therefore the registrant information is privacy protected.

35.     Defendant's Infringing Domain is ALLIEDUNIVERS.COM, which contains ALLIED UNIVERS, and is identical to the ALLIED Marks apart from omitting the "AL" from UNIVERSAL.

A.     The website located at Defendant's Infringing Domain (the "Infringing Website") uses the exact terms "ALLIED UNIVERSAL" (the "Infringing Mark") in multiple locations, including the following Infringing Mark, depicted here:



36.     The Infringing Website is used in connection with advertising, promoting, offering for sale, and otherwise using the Infringing Domain in connection with logistics services, identical to those offered by Allied Universal.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

37.     Defendant's Infringing Website uses the Infringing Mark to advertise land transport, air freight, and ocean freight services, and claims that "Allied Universal offers all these services for clients from every industry." These services are highly related, if not identical to those offered by Allied Universal. Another example of the Infringing Mark on the Infringing Website can be seen here:



38.     Defendant uses the Infringing Mark throughout the Infringing Website in connection with false claims, including "Allied Universal is one of the world's leading logistics companies" and "At Allied Universal, we know experience matters. That's why customers trust us — we have more than 60 years of experience in the logistics and transportation industry. For your services, this translates to competence around the globe."

39.     Plaintiff Allied Universal also questions the legitimacy of Defendant's business and services. Defendant claims "Allied Universal is one of the world's leading logistics companies" yet the physical addresses listed on Defendant's Infringing Website are not affiliated with its business and do not appear to be verifiable. Further, the "Contact Us" link at the bottom of Defendant's Infringing Domain redirects to https://www.alphazex.com/contact/, which is not currently active:



40.    Another "Contact Us" page on Defendant's Infringing Website located at www.allieduniversity.com/contact includes the address 1299 Lincoln Mall, Lincoln Nebraska an unverifiable address, and an email for a different company domain, info@crestranz.com, seen here:



41.     Defendant's Infringing Website also includes an embedded YouTube video, claiming to show "how the greatest logistics company works", however, this video is taken from Rotterdam School of Management, Erasmus University, and does not mention or have anything to do with Defendant's purported business or services. A screen shot of the embedded video on Defendant's Infringing Website is below, and a link to the video is provided here: https://www.youtube.com/watch?v=wtPB-VNNK2Q&feature=emb_title.



42.     Defendant's Infringing Website reflects that Defendant is not providing legitimate services.

43.     In light of Allied Universal's use of marks containing ALLIED dating back to 1957 and its use of the ALLIED Marks dating back to at least as early as 2016 for the Allied Universal Services, Allied Universal has priority over Defendant's Infringing Mark, Infringing Website, and Infringing Domain.

44.     Allied Universal, through its counsel, on multiple occasions and at least as early as February 16, 2022, attempted to contact Defendant notifying it of Allied Universal's ALLIED Marks and requesting the cessation of its Infringing Mark, Infringing Website, and Infringing Domain on the basis that these uses are likely to be confused with, infringe upon, and unfairly compete with Allied Universal's

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

ALLIED Marks when used in connection with the Allied Universal Services, including logistics.

45.    Defendant did not respond to the February 16, 2022 correspondence. Allied Universal, through its counsel, continued to follow up and attempted to reach Defendant regarding its unlawful and infringing actions against the ALLIED Marks, to no avail.

46.    Despite notice of Allied Universal's intellectual property rights in the ALLIED Marks, Defendant has yet to discontinue its Infringing Mark, the Infringing Website, or the Infringing Domain, and continues to infringe upon and dilute the ALLIED Marks and unfairly compete with Allied Universal.

47.    Allied Universal has not given consent, either directly or indirectly, to Defendant to use the ALLIED Marks, or any marks similar thereto, in the manner in which Defendant is using the ALLIED Marks.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT

48.    Allied Universal repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

49.    Allied Universal's ALLIED Marks are federally registered and, as such, the corresponding registrations are evidence of Allied Universal's exclusive right to use the ALLIED Marks in connection with the Allied Universal Services. 15 U.S.C. § 1115.

50.    The ALLIED Marks are distinctive to both the relevant public and within the security industry for the Allied Universal Services.

51.    Allied Universal's well-known ALLIED Marks and Defendant's Infringing Mark as used on the Infringing Website and Infringing Domain are similar with respect to sight, sound, meaning, and commercial impression.

52.    Defendant's Infringing Mark as used on the Infringing Website and Infringing Domain wholly encompass the dominant portion of the ALLIED Marks, namely, ALLIED. The Infringing Mark as used on the Infringing Website is also

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

identical to ALLIED UNIVERSAL, and the Infringing Domain ALLIEDUNIVERS.COM includes "UNIVERS" which is a shortened form of "UNIVERSAL".

53.    Defendant's Infringing Mark as used on the Infringing Website is identical to the ALLIED Marks, and the Infringing Domain only omits the final two letters of Allied Universal's ALLIED UNIVERSAL Mark.

54.    The logistics services offered by Defendant under the Infringing Mark on the Infringing Website are identical to the logistics security services offered by Allied Universal under its ALLIED Marks.

55.    Defendant's Infringing Mark, Infringing Website, and Infringing Domain are likely to cause confusion with the ALLIED Marks and Allied Universal and will continue to lead to confusion, mistake, or deception of the public within the meaning of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

56.    Defendant has infringed Allied Universal's ALLIED Marks in interstate commerce by various acts, including using the Infringing Mark, Infringing Website, and Infringing Domain in connection with identical logistics services as compared to the Allied Universal Services.

57.    Allied Universal has not given consent, either directly or indirectly, to Defendant to use the ALLIED Marks, or any marks similar thereto, in the manner in which Defendant is using the Infringing Marks on the Infringing Website and the Infringing Domain.

58.    Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Allied Universal in its ALLIED Marks and in its business, reputation, and goodwill. Allied Universal's damages from Defendant's aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

59.    By the forgoing actions, Defendant has clearly engaged in willful trademark infringement in violation of 15 U.S.C. § 1117.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

60.     Allied Universal seeks attorney's fees and costs given Defendant's willful conduct.

61.     Allied Universal seeks treble damages given Defendant's willful conduct.

## COUNT II -FEDERAL UNFAIR COMPETITION

62.     Allied Universal repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

63.     After Allied Universal's adoption and use of its ALLIED Marks in connection with the Allied Universal Services including its logistics and distribution services, Defendant registered the Infringing Domain and adopted and used the Infringing Mark on the Infringing Website in connection with identical logistics services.

64.     The Infringing Mark as used on the Infringing Website and Infringing Domain are confusingly similar in sight, sound, meaning, and commercial impression and are marketed to the same or similar customers as Allied Universal's ALLIED Marks.

65.     Defendant has unfairly competed with Allied Universal and its ALLIED Marks in interstate commerce by various acts including, but not limited to, knowingly registering the Infringing Domain and using the Infringing Mark on the Infringing Website in connection with highly related logistics services to the Allied Universal Services. This unauthorized use and practice by Defendant constitutes unfair competition to the substantial and irreparable injury of the public and of Allied Universal's ALLIED Marks, business reputation, and goodwill in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

66.     Defendant's activities complained of herein constitute a willful and intentional tort, in derogation of Allied Universal's rights. Acts of unfair competition commenced and have continued in spite of Defendant's knowledge that the registration of the Infringing Domain and use of the Infringing Marks on the

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

Infringing Website in connection with logistics services was and is in contravention of Allied Universal's rights.

67.     Allied Universal has not given consent, either directly or indirectly, to Defendant to use the ALLIED Marks, or any marks similar thereto, in the manner in which Defendant is using the Infringing Domain and the Infringing Mark on the Infringing Website.

68.     Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Allied Universal in its ALLIED Marks and in its business, reputation, and goodwill. Allied Universal's damages from Defendant's aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

69.     Allied Universal seeks attorney's fees and costs given Defendant's willful conduct.

## COUNT III - UNFAIR COMPETITION PER CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*

70.     Allied Universal repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

71.     This cause of action arises under Cal. Bus. & Prof. Code § 17200. California's Business and Professional Code § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

72.     Defendant's actions complained of herein are unlawful, unfair, and/or fraudulent business acts or practices, constituting unfair and deceptive business practices in violation of California's Business and Professional Code § 17200, namely, knowingly and willfully trading off of the goodwill of Allied Universal's ALLIED Marks with the confusingly similar Infringing Domain and use of the Infringing Marks on the Infringing Website without direct or indirect authorization from Allied Universal.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

73.     Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Allied Universal in its ALLIED Marks and in its business, reputation, and goodwill.

74.     Allied Universal seeks injunctive relief and recovery of all actual economic damages it suffered as a result of Defendant's unlawful activities and any other relief as the Court may deem just and proper. Allied Universal's damages from Defendant's aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

## COUNT IV - DILUTION BY BLURRING

75.     Allied Universal repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

76.     This cause of action for dilution by blurring arises under the laws of the United States, Title 15, U.S.C. § 1125(c).

77.     The ALLIED Marks are registered with the United States Patent and Trademark Office on the Principal Register.

78.     Since 1957, Allied Universal has been using marks containing ALLIED in connection with security services.

79.     Allied Universal has extensively used, advertised, and offered services under the ALLIED Marks for many years, since at least as early as 2016, throughout the entire United States and the general consuming public of the United States widely recognizes the ALLIED Marks as source designations of the Allied Universal Services.

80.     The ALLIED Marks are distinctive and have become famous prior to Defendant's registration of the Infringing Domain and prior to Defendant's use of the Infringing Marks on the Infringing Website.

81.     Defendant's unauthorized use of the confusingly similar Infringing Domain and Infringing Marks on the Infringing Website for highly related services

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

creates an association with Allied Universal's famous ALLIED Marks and impairs the distinctiveness of the famous marks and is likely to cause dilution by blurring.

82.    Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Allied Universal in its ALLIED Marks and in its business, reputation, and goodwill. Allied Universal's damages from Defendant's aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

83.    Allied Universal seeks attorney's fees and costs given Defendant's willful conduct.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Allied Universal prays for relief against Defendant as follows:

1.    That the Court preliminary and permanently enjoin and restrain Defendant, its officers, directors, agents, employees and all persons in active concert or participation with Defendant who receive actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

A.    infringing or contributing to the infringement;

B.    engaging in any acts or activities directly or indirectly calculated to infringe Allied Universal's ALLIED Marks;

C.    using by selling, offering for sale, promoting, advertising, marketing or distributing of Allied Universal's services and/or products, advertisements or marketing materials that use the term "ALLIED," or any mark similar thereto;

D.    using any configuration or design that is confusingly similar and/or substantially similar to Allied Universal's ALLIED Marks; and

E.    otherwise competing unfairly or deceptively with Allied Universal in any manner whatsoever.

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

2.    That the Court find that Defendant is infringing Allied Universal's rights in the ALLIED Marks, is competing unfairly with, is diluting the ALLIED Marks, and committing deceptive trade practices against Allied Universal.

3.    That the Court Order Defendant deliver up to Allied Universal for destruction, at Defendant's expense, catalogs, web site materials, literature, brochures, quotes, packaging, uniforms, patches, badges, signs, promotional materials, advertisements and any other communications to the public in the possession or under the control of Defendant that use any of the Infringing Marks or any other designations similar to any of Allied Universal's ALLIED Marks and any other material or any representations that are or may contain the Infringing Mark or any other terms similar to Allied Universal's ALLIED Marks.

4.    That the Court Order Defendant to account for and pay to Allied Universal the damages to which Allied Universal is entitled as a consequence of the trademark infringement of Allied Universal's ALLIED Marks.

5.    That the Court Order Defendant to account for and pay over to Allied Universal all profits received, if any, by Defendant from its unlawful acts.

6.    That the Court Order Defendant to account for and to pay over to Allied Universal all damages suffered by Allied Universal as a result of Defendant's unfair competition.

7.    That the Court Order Defendant to account for and to pay over to Allied Universal all damages suffered by Allied Universal as a result of Defendant's dilution by blurring.

8.    That the Court Order Defendant to account for and to pay over to Allied Universal all damages suffered by Allied Universal as a result of Defendant's California State unlawful, unfair and/or fraudulent business acts or practices pursuant to Cal. Bus. & Prof. Code § 17200.

9.    That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Defendant so as to prevent

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401

fraud on the Court and so as to ensure the capacity of Defendant to pay, and the prompt payment of, any judgment entered against Defendant in this action.

10.    That the Court award Allied Universal its compensatory, incidental, and consequential damages.

11.    That the Court award Allied Universal enhanced, treble, and/or punitive damages.

12.    That the Court award Allied Universal its reasonable attorney's fees and the costs of this action.

13.    That the Court grant Allied Universal such other further relief as is just and proper.

## **DEMAND FOR JURY TRIAL**

Allied Universal demands a trial by jury on all triable issues of fact.

Dated:    August 23, 2022              COZEN O'CONNOR


By: _____
       Matthew E. Lewitz
       Attorneys for Plaintiffs
       *Universal Services of America, LP and*
       *Universal Protection Service, LP*

COZEN O'CONNOR
401 WILSHIRE BOULEVARD
SUITE 850
SANTA MONICA, CA 90401